J-S55019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| KEVIN JAMES FOLEY, | : | |
| | : | |
| Appellant | : | No. 173 WDA 2015 |

Appeal from the PCRA Order Entered December 23, 2014,
in the Court of Common Pleas of Indiana County,
Criminal Division, at No: CP-32-CR-0001170-2007

BEFORE:   FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED OCTOBER 14, 2015**

I join the majority memorandum. I write separately to point out that counsel had no reasonable basis in failing to object to the Commonwealth's closing statement.

> Prosecutor remarks are not objectionable if the remarks "were based on the evidence or proper inferences therefrom...." ***Commonwealth v. [Aaron] Jones***, 571 Pa. 112, 811 A.2d 994, 1006 (2002). On the other hand, of course, the prosecutor should not "misstate the evidence or mislead the jury as to the inference it may draw." ***Commonwealth v. Shain***, 493 Pa. 360, 426 A.2d 589, 591–92 (1981) (disapproving prosecution commentary suggesting that defendant intended to molest decedent-victim; setting of crime did not exclude that possibility, but evidence did not support inference of motive); ***see also Commonwealth v. Adkins***, 468 Pa. 465, 364 A.2d 287, 290 (1976) (prosecution's motive argument based solely upon witness's speculative statement found to be insufficiently supported by evidence).

***Commonwealth v. Ali***, 10 A.3d 282, 307-8 (Pa. 2010).

*Retired Senior Judge assigned to the Superior Court.

Instantly, the Commonwealth made references in its closing statement to the lack of evidence of an affair between Melissa Uss and John Yelenic. However, the Commonwealth was aware there was evidence of an affair from Bette Morris, but the trial court ruled her testimony to be inadmissible. Under these circumstances it was inappropriate for the Commonwealth to make a reference to a "lack of evidence" of this affair in its closing statement.

Despite counsel's failure to object without having reasonable basis not to object, I agree with the majority that Appellant did not suffer prejudice as a result. Accordingly, I agree that counsel was not ineffective.

P.J.E. Bender concurs in the result.