J-A01003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ARY SLOANE | : | |
| | : | |
| Appellant | : | No. 538 EDA 2017 |

Appeal from the Judgment of Sentence August 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009924-2014

BEFORE:  LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 20, 2018**

Ary Sloane appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia, following her conviction of criminal conspiracy[1] and engaging in tampering with public records/information.[2] After

---

[1] 18 Pa.C.S. § 903.

[2] 18 Pa.C.S. § 4911.  Section 4911 defines the offense of Engaging in Tampering with Public Records/Information, as follows:

> **(a) Offense defined**.--A person commits an offense if he:
>
> (1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government;
>
> (2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a

---

\*   Retired Senior Judge assigned to the Superior Court.

our review, we affirm on the basis of the opinion authored by the Honorable Tamika R. Lane.

The Office of the Inspector General launched an investigation in 2011 in relation to allegations of widespread cheating on the Pennsylvania System of School Assessment (PSSA) standardized testing. In 2014, the grand jury issued a presentment recommending charges be filed against Sloane and other individuals associated with Cayuga Elementary School. Sloane, the coordinator for standardized testing at Cayuga Elementary School in Philadelphia, was accused of helping students cheat on a 2007 PSSA test.

Following trial, a jury convicted Sloane of conspiracy and tampering with public records/information, and the court sentenced her to two years of reporting probation and two hundred hours of community service involving literacy programs. Sloane filed post-sentence motions, which were denied by operation of law, and this timely appeal. Both Sloane and the trial court have complied with Pa.R.A.P. 1925.

---

> genuine part of information or records referred to in paragraph (1) of this subsection; or
>
> (3) intentionally and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such record, document or thing.
>
> **(b) Grading**.--An offense under this section is a misdemeanor of the second degree unless the intent of the actor is to defraud or injure anyone, in which case the offense is a felony of the third degree.

18 Pa.C.S. § 4911. The offense here was graded as a misdemeanor of the second degree.

Sloane raises two issues for our review:

1. Did the trial court commit reversible error when it allowed the Commonwealth to personally vouch for the credibility of two of its key witnesses?

2. Was the evidence sufficient to support the verdict of criminal conspiracy where no witness testified that Sloane "agreed" to engage in any "criminal" conduct?

Appellant's Brief, at 4 (reworded for clarity).

The record does not support Sloane's claim that the prosecutor "personally vouched" for the witnesses' credibility. Rather, the prosecutor argued that the witnesses' testimony was credible in light of the fact that they were reluctant to testify against their former colleague. *See* N.T. Trial, 2/29/16, at 53-59.

Further, Sloane's argument that neither of the witnesses testified that she agreed to engage in criminal conduct is unavailing. The evidence established that Sloane instructed a teacher, with the permission of the principal, to coach the students taking the PSSA tests on how to answer the questions so that Cayuga Elementary School's scores would be improved. The evidence showed that Sloane brought Cayuga teachers a box containing the 2007 PSSA test materials, told them the material needed to be back in the box in a half hour, and that the week before testing Sloane gave a teacher the tests, directed her to a photocopier, and said, "Copy what you need." *Id.* at 13, 19-20.

The Commonwealth does not have to prove that there was an express agreement to perform the criminal act in order to obtain a conspiracy conviction. Rather a shared understanding that the crime would be committed is sufficient. ***Commonwealth v. Nypaver***, 69 A.3d 708 (Pa. Super. 2013). ***See Commonwealth v. McCoy***, 69 A.3d 658 (Pa. Super. 2013) (conspiracy may be inferred where it is demonstrated that relation, conduct, or circumstances of parties, and overt acts of co-conspirators sufficiently prove formation of criminal confederation). The circumstantial evidence presented here was sufficient to prove the conspiracy and the elements of the crime of tampering with public records/information.

After our review of the parties' brief, the record, and the relevant law, we conclude that Judge Lane properly disposed of these claims. We, therefore, rely on Judge Lane's opinion to affirm the judgment of sentence. The parties are directed to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/18

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0009924-2014
:
v. :
:
ARY SLOANE : EDA #

**RECEIVED**

JUN 0 7 2017

OPINION

PCRA Unit
CP Criminal Listings

LANE, J.                                                     June 6, 2017

## OVERVIEW AND PROCEDURAL HISTORY

On March 3, 2016, following a jury trial, this court found Ary Sloane ("Defendant") guilty of Criminal Conspiracy- Engaging in Tampering with Public Records/Information under Title 18 Pa.C.S.A. § 903. Sentencing was deferred for a Pre-Sentence Investigation Report. On August 1, 2016, this court granted in part and denied in part Defendant's Motion for Extraordinary Relief. Trial court granted Defendant's motion to change gradation of the charge to a misdemeanor of the second degree and sentenced Defendant to two (2) years of reporting probation, as well as two hundred (200) hours of community service involving literacy programs. By operation of law, a post sentence motion filed on August 11, 2016, was denied on December 9, 2016.

Defendant filed a timely appeal on January 8, 2016. This court sent a 1925(b) Order on January 10, 2017. Defendant filed a Statement of Matters Complained of on Appeal on January 27, 2017. The following issues are raised on appeal:

CP-51-CR-0009924-2014 Comm. v SLOANE, ARY
Opinion

7958518851                          1

*Comm. v. Ary Sloane*

1. The Commonwealth personally vouched for the credibility of two (2) of its key witnesses.

2. At trial, no witness testified that Defendant actually "agreed" to engage in any actual "criminal" conduct and therefore, the evidence was insufficient.

## FACTS

The annual Pennsylvania System School of Assessment ("PSSA") is a standardized test for all Pennsylvania public school students, from third to eighth grade. (N.T. 2/24/16 at 40-41, 47). Federal law requires the Commonwealth to assess these students' competency in English Language Arts and Math. The Commonwealth must also assess fourth to eighth grade students' comprehension of science concepts. (*Id.*). The Commonwealth keeps records of student performance in each school and submits the records to the Federal Department of Education. (*Id.*). Underperforming schools face sanctions and consequences. (*Id.* at 42). For instance, schools that do not make their yearly progress must submit a corrective plan to the Commonwealth or school district and undergo additional oversight and supervision. (*Id.* at 45). School assessment coordinators, that administer the PSSA test, are trained not to look at the test booklets prior to test administration. (*Id.* at 57-58, 60-61). The Pennsylvania Department of Education ("Department") sets the protocols for administering the tests. (*Id.* at 62).

John Weiss, Assistant Director of the Pennsylvania Department of Education, testified that in 2004, the Department issued a warning to Cayuga Elementary School and placed it under school improvement status for failing to meet the adequate yearly progress (AYP). (*Id.* at 70). In 2006, the school met the AYP benchmark but received a warning; they received the same status again in 2007. (*Id.*). The school was in school improvement status from 2008-2009. (*Id.*). Records reflected that the school met the AYP standard in 2010 and 2011 before falling back into warning status in

2

*Comm. v. Ary Sloane*

Defendant first alleges that the trial court condoned the Deputy Attorney General's witness vouching. This claim fails. It is misconduct when a prosecutor asserts the reliability of a witness. Though such actions are deemed misconduct, the acts must still be sufficiently prejudicial to constitute reversible error. In *Commonwealth v. Koehler*, the Pennsylvania Supreme Court stated, "Regarding appellant's claims that the prosecutor improperly vouched for the credibility of [a witness] while improperly calling defense witnesses liars, we likewise find no merit. It is settled that it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses. *Commonwealth v. Koehler*, 558 Pa. 334, 737 A.2d 225 (1999). **However, the prosecutor may comment on the credibility of witnesses.** *Commonwealth v. Jones*, 571 Pa. 112, 811 A.2d 994, 1006 (2002) **(Emphasis added)**; *Commonwealth v. Simmons*, 541 Pa. 211, 662 A.2d 621, 639 (1995). Further, a prosecutor can respond to defense arguments with logical force and vigor. *Koehler*, 737 A.2d at 240; *Commonwealth v.* Brown, 551 Pa. 465, 711 A.2d 444, 454 (1998).

It is well settled that if defense counsel attacks the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility. *See Commonwealth v. Fisher*, 572 Pa. 105, 813 A.2d 761, 768 (2002) (rejecting defense contention that the prosecutor improperly vouched for the credibility of prosecution witnesses since "[t]he prosecutor was reviewing the testimony of several prosecution witnesses after [defense] counsel had attacked their testimony, in an effort to counter the argument of defense counsel"). The Pennsylvania Supreme Court opined, **"[a statement] cannot be characterized as prosecutorial misconduct unless their effect was to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a**

true verdict." *Commonwealth v. Chmiel*, 585 Pa. 547, 621, 889 A.2d 501, 545 (2005) (Emphasis added).

Here, Defendant's assertion that the Deputy Attorney General's argument was reversible error does not align with the facts. During his closing argument, the Senior Deputy Attorney General stated, "Let me ask you something. Did Angelee Rivera want to be here today? Did Barbara Dolt want to testify against her former colleague? Neither one of these individuals, or any of the Commonwealth's witnesses have any bone to pick with Ary Sloane. Their credibility, I argue to you, is unassailable. They have no reason to tell you anything but the absolute 100% truth." (N.T. 03/01/16 at 53). The Senior Deputy Attorney General's statements were not, on their face, personal assurances. Rather, in support of their credibility, he cited their reluctance to testify and lack of motivation to lie. Since the Senior Deputy Attorney General never expressed a personal belief, his statements are not misconduct. Assuming, *arguendo*, that the statements were deemed misconduct, they would not be so prejudicial as to obstruct fairness within the judicial process. Defendant's claim does not pass muster.

Defendant's next claim that the evidence elicited was insufficient to support her conviction fails. A "Public record" is defined as a record, including a financial record, of a Commonwealth or local agency that:

(1) is not exempt under section 708;

(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or

(3) is not protected by a privilege.

A "Record" is defined as information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received, or retained

pursuant to law or relating to a transaction, business, or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document. 65 P.S. § 67.102.

A person is guilty of conspiracy with another person or persons to commit a crime if, with the intent of promoting or facilitating its commission, he or she:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

. . .

(e) Overt act.--No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

(f) Renunciation.--It is a defense that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal intent.

(g) Duration of conspiracy.--For purposes of 42 Pa.C.S. § 5552(d) (relating to commission of offense):

(1) conspiracy is a continuing course of conduct which terminates when the crime or crimes which are its object are committed or the agreement that they be committed is abandoned by the defendant and by those with whom he conspired;

(2) such abandonment is presumed if neither the defendant nor anyone with whom he conspired does any overt act in pursuance of the conspiracy during the applicable period of limitation; and (3) if an individual abandons the agreement, the conspiracy is terminated as to him only if and when he advises those with whom he conspired of his abandonment or he informs the law enforcement authorities of the existence of the conspiracy and of his participation therein.

18 Pa.C.S.A. § 903.

Conspiracy to commit a crime and the underlying crime itself are two (2) entirely separate offenses with separate elements required for each. In *Johnson*, the Pennsylvania Superior Court opined, "The mere fact that defendant was acquitted of the underlying crime was irrelevant to his guilt on [the] conspiracy charge." *Commonwealth* v. *Johnson*, 719 A.2d 778 (Pa. Super. Ct. 1998).

Instantly, Defendant proffers that the absence of testimony as to her committing a specific crime equates to insufficient evidence. This argument contradicts the record and the governing jurisprudence. The record shows that witnesses Dolt and Rivera indicated that Defendant tampered with records repeatedly over an extended period of time. The PSSA test materials distributed to Cayuga Elementary under Defendant's administration were records because the Commonwealth and the United States Department of Education use the information contained therein to gauge and track students' educational development. Given that education is the focus of the aforementioned agencies, it is logical that the test materials would be directly related to their function. By removing these "records" from the box prior to test administration, giving them to Ms. Dolt, and directing her to copy the materials, Defendant tampered with the records. Additionally, during a PSSA testing session, by inciting Ms. Rivera's students to change the answers they recorded in the materials, Defendant tampered with the records again. Defendant

7

*Comm. v. Ary Sloane*

offers no evidence to make the law enunciated in *Johnson* inapplicable. Nor does Defendant proffer that she renounced the conspiracy at any point. Therefore, Defendant's argument is meritless.

BY THE COURT:

HONORABLE TIMIKA R. LANE

8

*Comm. v. Ary Sloane*