J-S38015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE LYNN SWICK | |
| Appellant | No. 1776 MDA 2014 |

Appeal from the PCRA Order of September 17, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No.: CP-08-CR-0000310-2008

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                         **FILED AUGUST 25, 2015**

Jamie Lynn Swick appeals the September 17, 2014 order denying her petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Swick has failed adequately to apply the governing legal standards, we affirm.

On August 20, 2008, Swick was convicted by a jury of two counts each of involuntary deviate intercourse (18 Pa.C.S. § 3123(a)) and statutory sexual assault (18 Pa.C.S. § 3222.1).  The charges arose after law enforcement authorities discovered that Swick, who was twenty-seven years-old at the time, was having a sexual relationship with a B.J.M., a fourteen-year-old boy.  On direct appeal, a panel of this Court briefly summarized the facts presented at Swick's jury trial as follows:

> Between August 2006 and January 2008[,] Swick (born 5/14/1980) was having sexual relations with B.J.M. (born

[1/1993]). One of B.J.M.'s friends told B.J.M.'s father that he saw B.J.M. and Swick having sex. Trooper Peter Shiposh interviewed B.J.M. about Swick and B.J.M. admitted that the two had oral sex approximately 90 times, vaginal intercourse about 100 times and hundreds of other sexual encounters. Trooper Shiposh interviewed Swick and she admitted to having a sexual relationship with B.J.M. and agreed to the number of incidents with B.J.M. Misty Ackley, a Bradford County Children and Youth Services (CYS) employee, also interviewed Swick about her contact with B.J.M. and asked Swick for more specifics and details that she had not disclosed to the officer.

*     *     *

[At trial,] Swick testified in her own defense and denied having sex with B.J.M. She stated that she had no recollection of any interviews between her and Trooper Shiposh and Ackley, stating that she has a bad memory because of multiple medications she was prescribed by a careless doctor.

*Commonwealth v. Swick*, No. 106 MDA 2009, slip op. at 2-3 (Pa. Super. May 3, 2010.

On December 15, 2008, the trial court sentenced Swick to an aggregate sentence of two hundred and six to four hundred and twelve months' incarceration. However, on direct appeal, the panel concluded that some of the sentences should have merged, and remanded for resentencing. On July 19, 2010, the trial court resentenced Swick to an aggregate of one hundred and eighty to three hundred and sixty months' incarceration.

On August 12, 2011, Swick filed a timely PCRA petition. Counsel was appointed to represent Swick. Following multiple extensions of time, counsel filed an amended PCRA petition on Swick's behalf, in which counsel alleged at least twelve instances of ineffective assistance of counsel. The PCRA court dismissed all but two of the claims. On August 29, 2014, the PCRA

court held a hearing on the remaining two claims: (1) ineffective assistance of counsel for failing to engage in effective adversarial conduct; and (2) ineffective assistance of counsel for failing to properly pursue a motion to suppress. *See* Amended PCRA petition, 1/6/2014, at 2-5, 5-9. Swick, her trial attorney, and Trooper Shiposh all testified at the hearing. On September 17, 2014, the PCRA court issued an order dismissing Swick's PCRA petition, as well as a corresponding memorandum opinion setting forth the court's rationale for dismissing the petition.

On October 17, 2014, Swick filed a notice of appeal. On November 10, 2014, the PCRA court directed Swick to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 1, 2014, Swick filed a timely concise statement. On December 11, 2014, the PCRA court issued a statement in lieu of a Pa.R.A.P. 1925(a) opinion, in which the court directed our attention to the rationale that the court set forth in its September 17, 2014 memorandum opinion.

Swick presents the following issue and supporting statement for our consideration:

> Whether the [PCRA] court's denial and dismissal of [Swick's PCRA] petition is supported by the record and otherwise free of legal error?
>
> The [PCRA] court's denial and dismissal of [Swick's PCRA] petition is not supported by the record and constitutes legal error as [Swick's] trial counsel was ineffective due to his failure to engage in effective adversarial conduct; failure to file a motion to suppress alleged inculpatory statements; failure to make timely objections; failure to move for a mistrial after the alleged victim and eyewitness were discussing testimony during

a court recess; failure to move for a mistrial following the failure of the Commonwealth to disclose inculpatory evidence; failure to move for a continuance following the failure of the Commonwealth to disclose inculpatory evidence; failure to file a motion *in limine* [to] allow for argument prior to trial date; failure to present character witnesses; failure to present alibi defense; failure to explore accuser's motive for false allegations; failure to request mental evaluation despite a documented mental impairment; general ineffective assistance of counsel; violations of the United States Constitution on grounds of ineffective assistance of counsel and violations of the Pennsylvania Constitution on grounds of ineffective assistance of counsel.

Brief for Swick at 8.

Our "standard of review for an order denying post-conviction relief is limited to whether the record supports the post-conviction court's determination, and whether that decision is free of legal error." ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999). The PCRA court's findings "will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa. Super. 2008).

As noted, Swick makes one overarching claim of ineffective assistance of counsel. However, within that claim, Swick asserts multiple additional substantive claims that implicate trial counsel's effectiveness. "[T]rial counsel is presumed to be effective and the burden to show otherwise lies with the [appellant]." ***Commonwealth v. Singley***, 868 A.2d 403, 411 (Pa. 2005) (citing ***Commonwealth v. Jones***, 683 A.2d 1181, 1188 (Pa. 1996)). The test for ineffectiveness of counsel is as follows:

[T]he appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different.

*Commonwealth v. Bomar*, 826 A.2d 831, 855 (Pa. 2003) (citing *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999)). Failure to satisfy any prong of the test will result in the rejection of the underlying claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002). If an appellant is unable to demonstrate prejudice, the other two elements need not be addressed. *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998). Additionally, a PCRA appellant must set forth and individually discuss substantively each prong of the ineffective assistance of counsel test. *See Commonwealth v. Jones*, 876 A.2d 380, 386 (Pa. 2005); *Commonwealth v. Wharton*, 811 A.2d 978, 988 (Pa. 2002) ("Claims of ineffective assistance of counsel are not self-proving. . . .").

Additionally, in one of her ineffective assistance of counsel claims, Swick alleges that trial counsel was ineffective for failing to call certain witnesses on her behalf at trial. The standard governing such a claim is as follows:

When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffective assistance of counsel] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the

absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. [***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009)]; ***Commonwealth v. Clark***, 961 A.2d 80, 90 (Pa. 2008). To demonstrate [] prejudice, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Commonwealth v. Gibson***, 951 A.2d 1110, 1134 (Pa. 2008). Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness' testimony would have been helpful to the defense. ***Commonwealth v. Auker***, 681 A.2d 1305, 1319 (Pa. 1996). "A failure to call a witness is not per se ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Id.***

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012).

Swick pays only lip-service to the legal standards governing claims of ineffective assistance of counsel. Swick cites the three-part test, ***see*** Brief for Swick at 27, but makes no substantive attempt to apply the test to her individual claims, except for her claim pertaining to counsel's purported failure to file a suppression motion. With that exception, in every other claim, Swick cites no case law in support of the arguable merit prong, nor does she present any argument beyond bald allegations of merit. She presents similarly bare arguments regarding the other two prongs, if at all. Similarly, with regard to her claim that counsel was ineffective for failing to call certain witnesses, Swick does not identity the witnesses or even proffer that they were willing and available to testify on her behalf with any degree of specificity. Consequently, these issues are waived. ***See Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008) ("[U]ndeveloped claims, based on boilerplate allegations, cannot satisfy [the appellant's]

burden of establishing ineffectiveness.") (citing **Jones**, 876 A.2d at 386; **Commonwealth v. Bracey**, 795 A.2d 935, 940 n.4 (Pa. 2001)).

As to her claim that counsel was ineffective for failing to file a suppression motion, Swick adequately addresses the arguable merit prong and the prejudice prong of the governing test.  **See** Brief for Swick at 33-37. Swick contends, with the support of valid case law, that she was in custody and was coerced into making an inculpatory statement without being administered her rights pursuant to **Miranda v. Arizona**, 384 U.S. 436 (1966).  She also cogently argues that the admission of the inculpatory statements prejudiced her at trial.  **See** Brief for Swick at 37.  However, she fails to engage in any meaningful or substantive discussion of the reasonable basis prong of the ineffective assistance of counsel test.  At the beginning of her argument, she addresses the prong in a single sentence, baldly noting that counsel could have no reasonable basis for not pursing the motion.  **Id.** at 32.  One undeveloped sentence does not equate to a substantive discussion of the prong, and is insufficient to satisfy Swick's burden of proving that counsel was ineffective and that the PCRA  court's decision was not supported by the record.  Thus, like her other claims, Swick's cursory argument not only does not entitled her to relief, but results in waiver of the claim in its entirety.

Swick has failed to present her claims in compliance with our well-settled standards. As such, she has waived her arguments, and has not demonstrated that the PCRA court's order was not supported by the record.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2015