J. S48016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
MARQUIS HAKEM NEAL,   :
  :
Appellant   :   No. 1314 WDA 2015

Appeal from the PCRA Order August 13, 2015
In the Court of Common Pleas of Cambria County
Criminal Division No.: CP-11-CR-0001261-2012

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:          **FILED AUGUST 31, 2016**

Appellant, Marquis Hakem Neal, appeals from the August 13, 2015 Order entered in the Cambria County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 14, 2013, a jury convicted Appellant of Third-Degree Murder, two counts of Aggravated Assault, and Flight to Avoid Apprehension.[1]  Following his jury trial, Appellant pleaded guilty to Persons Not to Possess a Firearm.[2]  On March 5, 2013, the trial court imposed an

---

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 2702(a)(4); and 18 Pa.C.S. § 5126, respectively.

[2] 18 Pa.C.S. § 6105.

aggregate sentence of 25 to 50 years' incarceration. Appellant filed Post-Sentence Motions, which the trial court denied on July 2, 2013.

Appellant filed a direct appeal. We affirmed Appellant's Judgment of Sentence on August 20, 2014. **Commonwealth v. Neal**, No. 1303 WDA 2013 (Pa. Super. filed August 20, 2014) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal.

On June 4, 2015, Appellant filed the instant timely *pro se* PCRA Petition, his first, later amended by appointed counsel, alleging, *inter alia*, ineffective assistance of appellate counsel for failing to raise several issues on direct appeal.

The PCRA court held an evidentiary hearing on August 13, 2015, at which Appellant and Paul J. Eckenrode, Esq.,[3] testified. On August 13, 2015, the PCRA court dismissed Appellant's Petition. Appellant filed a timely Notice of Appeal on August 17, 2015.

Appellant presents the following issue for our review:

The [t]rial [c]ourt erred in finding that the Appellant's prior counsels were not ineffective in failing to preserve his direct appellate rights regarding the issues that (1) his conviction for third-degree homicide was against the weight of the evidence; (2) his conviction for third[-]degree homicide was against the sufficiency of the evidence; (3) his statements obtained in a traffic stop in New Jersey should have been suppressed, as well as the statements made by the New Jersey police officer who initiated the stop; (4) a Batson claim that construction of the jury pool was racially biased (there was one African-American out of the 172 potential jurors); and (5) a claim of prosecutorial

---

[3] Paul J. Eckenrode, Esq. represented Appellant at trial and on direct appeal.

misconduct when the [t]rial [c]ourt permitted an eye-witness John Crissman, to make an eyewitness identification of the Appellant and Co-Defendant from a photograph in a newspaper which had the Appellant's name in the photograph's caption. It is the Appellant's position that he requested his prior counsels to raise these issues on appeal, and the Appellant's prior counsels acknowledged that the Appellant[] requested these issues be raised on appeal, but failed to raise them.

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's sole issue in this appeal avers that he received ineffective assistance of appellate counsel. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Appellate counsel is not required to raise all non-frivolous claims on appeal. Rather, appellate counsel may select to raise those issues that maximize the likelihood of success on appeal. Thus, "[a]rguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief." *Commonwealth v. Lambert*, 797 A.2d 232, 244 (Pa. 2001).

Appellant avers that his appellate attorney was ineffective for solely challenging "the legality of [] Appellant's sentence" and failing to raise "other

issues on direct appeal despite his request to do so." Appellant's Brief at 4-5. Appellant relies primarily on **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), fundamentally claiming that "failing to raise the additional issues on appeal that the Appellant wished to raise" is tantamount to the "failure to perfect an appeal" entirely and the denial of his right to counsel. Appellant's Brief at 12-13. Pursuant to **Lantzy**, Appellant claims that such a failure requires the reinstatement of "his direct appellate rights *nunc pro tunc*, in order for him to raise his additional issues on appeal." Appellant's Brief at 14.

First, Appellant misapplies **Lantzy**. In **Lantzy**, **supra**, the Pennsylvania Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. The **Lantzy** decision only applies to the utter failure to file a requested direct appeal rather than the winnowing of appellate issues in the course of litigation. **Lantzy**, **supra** at 572; **see also Lambert**, **supra** at 244.

Second, regarding the merits of Appellant's underlying ineffectiveness of counsel claims, Appellant failed to plead and prove that but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the

challenged proceedings would have been different. As the PCRA court opined:

> Turning to [Appellant]'s remaining allegations of error, he has failed to establish the third prong of the ineffectiveness test. A careful review of the testimony presented at the PCRA hearing reveals that [Appellant] offered no evidence that he suffered prejudice by Eckenrode's decision not to pursue the issues [Appellant] raises on direct appeal. N.T. 8/13/15. [Appellant] offered no evidence suggesting that there is a reasonable probability that the outcome of the appeal would have been different, *i.e.* that his conviction would have been overturned, but for Eckenrode's alleged ineffectiveness. Unsupported speculation, which is what [Appellant] has presented here, does not establish a reasonable probability that the outcome of the appeal would have been different, as required to establish the prejudice prong of a claim of ineffective assistance of counsel. ***Commonwealth v. Charleston***, 94 A.3d 1012, 1026 ([Pa. Super.] 2014). The failure to offer evidence of prejudice is fatal to [Appellant]'s claims. ***Commonwealth v. Harris***, [] 852 A.2d 1168, 1173 ([Pa.] 2004) (where an appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone) (citing ***Commonwealth v. Travaglia***, [] 661 A.2d 352, 357 ([Pa.] 1995)).

PCRA Court Opinion, filed 10/1/15, at 8-9.

As noted by the PCRA court, the evidence shows that Appellant failed to prove prejudice. ***See Lambert***, ***supra*** at 246 ("Appellant's failure [to proffer any relevant argument on the prejudice prong and] to prove prejudice, thus, is independently fatal to his claims"). Because Appellant failed to prove prejudice, Appellant's ineffectiveness claim fails.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016