**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| BILL MARTIN MILINSKI, | : No. 3838 EDA 2016 |
| | : |
| Appellant | : |

Appeal from the Order November 17,.2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001044-2013 and
CP-45-CR-0002096-2013

BEFORE:  OTT, DUBOW, JJ., and STEVENS, P.J.E. *

MEMORANDUM BY DUBOW, J.:                         **FILED JULY 19, 2017**

Appellant Bill Martin Milinski appeals from the November 17, 2016 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and challenges the effectiveness of trial counsel.  After review of the record and the Briefs of the parties, we adopt the Opinion filed by the PCRA Court on November 17, 2016, as our own, and affirm.

On April 10, 2013, Appellant was at Kathy Hockenjos's apartment in Smithfield Township when the next-door neighbor, Shannon Henley, heard banging on the wall coming from the apartment.  Henley sent a text message to Hockenjos asking her to stop the noise.  The banging then

---

* Former Justice specially assigned to the Superior Court.

1

became louder, and Appellant, who was drunk at the time, became belligerent, stating "just come outside and fight." N.T. Trial, 3/11/14, at 66, 72. Henley saw Appellant outside his window with a knife in his hand, shouting that if Henley did not come out in 15 minutes, he was going to kick in Henley's door. *Id.*, at 69-70. Henley, who had had prior run-ins with Appellant and knew that Appellant had guns, called the police.

Pennsylvania State Troopers Kearney and Olszar responded and, after Henley informed them that Appellant had firearms in the apartment, five more troopers were called in to cover the back door and area around the building at the tree line. Appellant exited the apartment, and Trooper Riddell handcuffed him for safety, walked him to a nearby parking lot, and patted him down for weapons. Appellant was not armed, but when asked about weapons in the home, Appellant informed troopers that there were two guns in the apartment that belonged to Hockenjos, his girlfriend. Appellant also volunteered that he had moved from New Jersey to the Smithtown apartment three months prior "to get away from all this stuff," *i.e.* similar problems that he had experienced in New Jersey. N.T. Omnibus Hearing, 10/31/13, at 27, N.T. Trial, 3/11/14, at 149, 161.

Hockenjos invited State Trooper Kearney into the apartment. She retrieved two guns from the living room, and gave them to Trooper Kearney, telling him that the firearms were hers. *See* N.T. Omnibus Hearing, 10/31/13, at 14-16, 19-20; N.T. Trial, 3/11/14, at 171-72.

The Commonwealth charged Appellant with, *inter alia*, Person not to Possess a Firearm, Terroristic Threats, Harassment, and Public Drunkenness. After a preliminary hearing, the court bound the charges over for trial. At Appellant's arraignment on May 29, 2013, the court ordered that Omnibus Pre-trial Motions be filed by June 26, 2013.

On July 30, 2013, Appellant filed an Omnibus Pre-trial Motion, including a Motion to Suppress, and contended, *inter alia*, that his statements about his moving to Pennsylvania should be suppressed because he was not given his **Miranda** warning.[1, 2]

The court held a hearing on Appellant's omnibus motion on October 31, 2013. The court subsequently granted the Commonwealth's Motion to Reopen, and held an additional hearing where the Commonwealth introduced Appellant's application for a Pennsylvania State Identification card.

On January 21, 2014, the court dismissed the Omnibus Motion as untimely pursuant to Pa.R.Crim.P. 579(A).[3] **See** Trial Ct. Order and Opinion,

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] On August 30, 2013, Appellant was again charged with various offenses after Appellant and Henley had another run-in, which escalated and resulted in Appellant breaking Henley's arm with a crowbar after Henley had fired a warning shot into the air. **See** N.T. Trial, 3/11/14, at 71-76. Those charges were consolidated with the April 2013 charges. Henley was not charged.

[3] Pa.R.Crim.P. 579(A) provides, in relevant part, that an "omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense

dated 1/21/14. The court nonetheless addressed the merits of the Motion and, after noting its finding that the troopers' testimony was credible, concluded that in light of the circumstances, the conditions of Appellant's detention were similar to that of a valid investigatory detention to gather information and to determine if there was a safety concern. *Id*. at 8. The court also concluded that Appellant had *offered* the statement about his having moved to Pennsylvania from New Jersey without any prompting from the troopers. *Id.* Having determined that there had been no **Miranda** violation, the court concluded that Appellant's statement about the guns and his current residence would not be suppressed.[4]

Appellant was present for jury selection on March 4, 2014. On March 10, 2014, the first day of trial, Appellant did not appear because he was out of state and allegedly had no transportation. The court continued the trial to the next day. On March 11, 2014, Appellant failed to appear, and the court issued a warrant for his arrest and held the trial with Appellant *in absentia*. The jury found him guilty of all charges, except for Public Drunkenness.

Appellant was subsequently apprehended and on June 30, 2014, the court sentenced him to an aggregate term of 42 to 84 months' incarceration. After the denial of his post-sentence motion, Appellant timely appealed, and

---

attorney … was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown."

[4] The court also noted that Hockenjos had invited Trooper Kearney into the apartment and the guns obtained were, therefore, admissible.

this Court affirmed the Judgment of Sentence. ***Commonwealth v. Milinski***, No. 2240 EDA 2014 (Pa. Super. filed June 5, 2015).

Appellant filed a timely *pro se* PCRA Petition, amended after the appointment of counsel, alleging ineffective assistance of trial counsel for failing to file a timely Pre-trial Motion to Suppress. The PCRA court held a hearing on June 23, 2016, and denied the Petition on November 17, 2016. Appellant timely appealed to this Court.

Appellant raises one issue: "Whether the [PCRA] court erred in finding that trial counsel provided effective assistance of counsel." Appellant's Brief at 5.

We review the denial of a PCRA Petition to determine whether it is supported by the record and free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). We grant great deference to the findings of the PCRA court, and "these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Moreover, "where a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." ***Commonwealth v. White***, 734 A.2d 374, 381 (Pa. 1999).

Appellant avers that he received ineffective assistance of trial counsel. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on Appellant." ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellant avers that his underlying claim, *i.e.*, that his statement to the troopers should have been suppressed, has arguable merit. He also alleges that counsel did not have a reasonable basis for failing to file a timely pre-trial motion, and but for counsel's error, "Appellant would have had a substantially greater likelihood of having said statements suppressed" and "the suppression of the statements would have had a significant impact at trial [because] Appellant's statement that he had been residing in the apartment and his acknowledgement that there were firearms located in the

6

residence constituted the only evidence establishing Appellant's constructive possession of the firearms." Appellant's Brief at 29-30.

The PCRA Court thoroughly addressed Appellant's arguments in its Opinion denying the PCRA Petition, with citation to relevant statutory and case law, as well as thoughtful analysis and reasoning. The certified record supports the court's findings. Therefore, we adopt that Opinion as our own for purposes of this appeal, and affirm the denial of relief. *See* PCRA Court Opinion, dated November 17, 2016 (finding that the public safety exception to *Miranda* applied under the circumstances presented and Appellant's statement about the guns in the residence was therefore admissible, *id*. at 9-10; (2) Appellant's statement about his current residence was spontaneous, voluntary, and not in response to custodial interrogation, *id*. at 10; and (3) notwithstanding counsel's unexplained tardiness in filing the omnibus motion, Appellant did not suffer prejudice because his statements were not subject to suppression, *id*. at 11).

We direct the parties to annex the PCRA court's November 17, 2016 Opinion to all future filings.

Order affirmed.

7

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2017

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA, :    No.    **1044 CR 2013**
:                   **2096 CR 2013**
:
vs.               :
:
BILL MARTIN MILINSKI,        :
:    **POST-CONVICTION**
Defendant        :    **RELIEF ACT**

## OPINION

This matter comes before the court on Bill M. Milinski's petition for post-conviction relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 et seq., in which he contends that his counsel, Chaundra Vitelli Bleice, Esq., was ineffective when she filed a late omnibus pre-trial motion on his behalf. The procedural history is as follows.

On April 10, 2013, the Commonwealth filed a criminal complaint charging Mr. Milinski with Persons not to Possess a Firearm, Indirect Criminal Contempt, Terroristic Threats, Harassment, and Public Drunkenness. His preliminary hearing was held on April 24, 2013 where all charges, except the charge of Indirect Criminal Contempt, were bound over to the court of common pleas. The Defendant then appeared for an initial status conference and arraignment on May 29, 2013. By order dated that day, his omnibus pre-trial motion was to be filed no later than June 26, 2013. On July 30, 2013, Attorney Bleice of the Monroe County Public Defenders' Office filed Milinski's omnibus pre-trial motion, seeking the suppression of physical evidence and habeas corpus relief.

1

On October 11, 2013, Attorney Bleice supplemented that motion with a request to suppress statements he made to the police. The Commonwealth opposed these motions on the grounds that the Defendant was required to file any motions for pre-trial relief on or before June 26, 2013.

A hearing was held on the Defendant's pre-trial motion on October 31, 2013. The Honorable Jennifer Harlacher Sibum, J. denied the motion in an opinion and order dated January 21, 2014. The Petitioner's omnibus pre-trial motion was dismissed as untimely pursuant to Pa.R.Crim. P. 579(A). The court found the untimeliness of the motions dispositive, but also addressed the merits of the issues presented in the Petitioner's motion.

While the case docketed at 1044 Criminal 2013 was pending before this court, the Defendant was charged with Aggravated Assault, Retaliation Against Witness or Victim, Simple Assault, and Harassment. All charges except for Retaliation Against Victim or Witness were bound over for trial. That case, docketed at 2096 Criminal 2013, was joined for trial with the case at 1044 Criminal 2013.

The Defendant was present with counsel for jury selection on March 4, 2014, and the trial was scheduled to commence on March 10, 2014. The jury was present at the appointed time on the morning of the 10th but the trial had to be continued until the next day, March 11, 2014, because the Defendant was out of state and allegedly did not have transportation to the courthouse. When the Defendant did not appear for trial the next morning, a bench warrant was issued, and the trial was held in absentia. The

2

Defendant was found guilty of all of the charges before the jury except for Public Drunkenness.

The Defendant was sentenced on June 30, 2014, after being apprehended on a bench warrant. He received an aggregate sentence of 42 to 84 months for one count each of Possession of a Firearm Prohibited, Terroristic Threats, and Harassment. [1] The Defendant then filed a Motion for Reconsideration of Sentence which was denied by this court on July 10, 2014. A timely Notice of Appeal was filed by trial counsel on August 8, 2014. The Defendant argued on appeal that the court erred when it denied his motion to suppress his pre-*Miranda* statements, and committed error by proceeding with trial without the defendant being present. The superior court affirmed this court's June 30, 2014 judgment of sentence, finding that the Mr. Milinski's omnibus motion was untimely.

Defendant Milinski filed a timely pro se Motion for Post-Conviction Collateral Relief on March 14, 2016. This court appointed Hillary A. Madden, Esq. to represent the Petitioner as he seeks relief pursuant to Pennsylvania's Post Conviction Relief Act. On April 15, 2016, Defendant Milinski, through his appointed counsel, filed an Amended PCRA Petition. A hearing was held on the Defendant's PCRA Petition on June 23, 2016. On July 25, 2016 the Defendant filed a brief in support of his Petition for Post-Conviction Collateral Relief. The Commonwealth responded with its brief on September 20, 2016.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 2706(a)(1), and 2709(a)(4), respectively.

3

## DISCUSSION

Defendant Milinski argues in his Amended PCRA Petition that his trial counsel was ineffective when she failed to file a timely Omnibus Pre-Trial Motion on his behalf seeking to suppress his statements about the guns in the apartment, moving from New Jersey to Pennsylvania, and getting mail at the apartment. The facts in this case may be summarized as follows. On April 10, 2013, Pennsylvania State Police responded to a call from an apartment complex located at 117 Clubhouse Drive to investigate an incident involving a dispute between two males. The victim was identified as Shannon Henley. He reported that Milinski threatened his life. Earlier that evening, Henley heard a banging on the wall and text messaged his neighbor, Kathy Hockenjos, to stop. Hockenjos was the girlfriend of Defendant Milinski. Hockenjos relayed to Henley that Milinski "was a little drunk and she would try to calm him down." Preliminary Hearing, 04/24/13, NT 7 ¶¶ 21-22. Henley testified that the banging got louder and louder and the Defendant said, "come outside, let's fight, let's fight." *Id.* p. 8 ¶¶ 2-3. Defendant was outside of Henley's window where Henley observed a knife in his hand as Milinski yelled, "[i]f you don't come outside, I'm going to kick your door in, in 15 minutes, the front or the back door, and I'm gonna [sic] come in shooting." *Id.* ¶¶ 15-17. Henley testified that when the Defendant made the threat about coming in and shooting, he called the police.

When the police arrived, they spoke to Henley and were advised that Milinski had weapons in his residence. In response to the information that there were weapons in the house, the police secured a perimeter around the apartment. When Milinski came out of

4

the apartment, the officers drew their weapons, handcuffed him, and patted him down for weapons. Trooper Olszar asked Mr. Milinski if there were any weapons in the apartment and he stated that there were two firearms in the apartment but that they were his girlfriend's. *Id.* p. 15 ¶ 24-25, p. 27 ¶ 22.

At the hearing on the Defendant's pre-trial motions, October 31, 2013, Pennsylvania State Trooper Kearney testified that upon arrival at Hockenjo's apartment the evening of April 10, 2013, they met with Henley who told them that the Defendant had weapons in the apartment. N.T., Omnibus Hearing, 10/31/2013, p. 13. Hockenjos invited the trooper into the apartment where he interviewed her. Trooper Kearney did not have contact with Milinski or Trooper Olszar. He did not hear Milinski's statements to Trooper Olszar regarding the guns before he entered the apartment, spoke with Hockenjos, and was given the firearms. Hockenjos retrieved one firearm from under the sofa and one from under the chair in the living room and gave them to Trooper Kearney. She told trooper Kearney that the firearms were hers. Trooper Kearney also testified that he saw football jerseys, hats, and baseball jerseys in the living room.

Trooper Pushkar also testified at the omnibus hearing regarding his involvement with the incident on April 10, 2013. He testified that "when [the Defendant] was in custody outside he was just talking" and said that he moved from New Jersey to Pennsylvania three months ago "to get away from all this stuff." *Id.* p. 27, ¶¶ 19-23. The Defendant also stated that he gets mail at the apartment. *Id.* ¶ 8.

Finally, Trooper Olszar testified at the omnibus hearing in a manner consistent with his testimony at the preliminary hearing. Trooper Olszar testified that when Milinski

5

came out of the apartment Trooper Riddell handcuffed him and performed a pat down search for weapons. *Id.* p. 32, ¶¶ 2-3. The troopers had received information from Henley that the Defendant had threatened to use a gun. Mr. Milinski was asked if there were guns involved, and he stated that there were guns inside the house but they were his girlfriend's. *Id.* Trooper Olszar further testified that they had no intention to take Milinski into custody at that time, but were still conducting the investigation with witnesses and victims to determine what had happened. Finally, Trooper Olszar testified that Milinski stated that he had been living there for the past three months. It is not disputed that Milinski was not read his *Miranda* warnings prior to making these statements.

Defendant argues that his trial counsel should have filed a timely motion to suppress these statements. He contends that his claim for suppression of the statements has merit, that his trial counsel's failure to timely file an omnibus pre-trial motion was not reasonable, and that he was prejudiced because the statements helped to establish his constructive possession of the firearms at trial.

## The Pennsylvania Post Conviction Relief Act

Pennsylvania's Post Conviction Relief Act, Section 9543, provides in pertinent part:

> **(a) General rule.--** To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

6

> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> . . .
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> . . .
>
> > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> . . .
>
> (3) That the allegation of error has not been previously litigated or waived.
>
> . . .
>
> (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S. § 9543(a).

"To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. G.Y.*, 63 A.3d 257, 265 (Pa. Super. 2013). Specifically, to obtain relief based on ineffective assistance of counsel, the petitioner must demonstrate that:

(1) the underlying claim is of arguable merit;

(2) counsel had no strategic basis for his action or inaction; and

(3) the petitioner was prejudiced by counsel's act or omission.

7

*Id. See also Com. v. Moss*, 741 WDA 2014, 2014 WL 10795251, at *1 (Pa. Super. Oct. 7, 2014). Appellant's claim will be denied if he fails to meet any one of these prongs.

Further, counsel is presumed to have been effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa.2010). To establish that they were prejudiced by counsel's act or omission, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Commonwealth v. G.Y.*, 63 A.3d at 265. The defendant has the burden of proving PCRA claims by a preponderance of the evidence. *See* 42 Pa.C.S.A. § 9543(a).

As applied to the facts of this case, the Defendant cannot satisfy his burden that his claim has arguable merit.

> "[T]he threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit." *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994) (citing *Commonwealth v. Weiss*, 606 A.2d 439, 441 (Pa. 1992)). Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004).

Trooper Lukasz Olszar testified at the omnibus hearing that he arrived at the scene with Trooper Kearney. The troopers had been informed that Defendant was using a knife in the encounter with the victim and "that the defendant may threaten to harm police responding..." *Omnibus* NT 31. Henley reported that Milinski had firearms in the residence. *Preliminary hearing transcript*, NT 26. *Omnibus transcript*, NT 21. When the troopers formed a perimeter around the residence, Trooper Olszar "observed Kathy Hockenjos, the defendant's girlfriend, stick her head out the front door and ask if everything was okay..." *Id.* The troopers asked if Mr. Milinski was inside and she said

8

yes. The troopers directed him to come out. Trooper Riddell handcuffed him and performed a pat down search for weapons, finding none. He was "asked if there was any guns involved." *Id. at* 32. "He stated there was guns inside the house but they were his girlfriend's." *Id.*

Mr. Milinski argues that looking at the totality of the circumstances he was subjected to a custodial interrogation when he was questioned by the trooper. A custodial interrogation, unlike an investigative detention, triggers the safeguards of *Miranda. See Commonwealth v. Turner,* 772 A.2d 970 (Pa. Super. 2001). A defendant is subject to custodial interrogation if the individual is in custody and is interrogated by a law enforcement officer. *Commonwealth v. Perry,* 710 A.2d 1183, 1185 (Pa. Super. 1998). Milinski points out that the officers had their weapons drawn, immediately handcuffed him, found no weapons on his person, separated him from the residence and relocated him for questioning, kept him handcuffed, and then asked him whether there were weapons in the house without first reading him his *Miranda* rights. Milinski also argues that his statements about moving from New Jersey were not gratuitous in nature, but instead a response to the trooper's questioning about the incident with his neighbor because he was discussing similar problems he had experienced in New Jersey.

There is no question that this was a custodial interrogation, but the public safety exception to *Miranda* applies. The police, in the interest of public safety, can act promptly to ascertain the location of a gun without first informing the defendant of his or her *Miranda* rights. *See Commonwealth v. Bowers,* 583 A.2d 1165, 1171 (Pa. Super.

9

1990) (finding that although appellant had already been handcuffed and no longer posed a danger, the public safety exception still applied to find the gun). The question posed to Milinski, whether there were any weapons in the residence, was directed at eliminating an immediate threat to the troopers and the public. The troopers knew they were responding to an incident where weapons were involved and were told by Mr. Henley when they arrived that Milinski had guns in the apartment. The police could not be sure who else was still in the apartment once Milinski and Hockenjos came out. The troopers did not have information at that time that Milinski was a person not permitted to to possess a firearm. The police had good reason to immediately ascertain the whereabouts of firearms to protect themselves and others at the scene.

Further, the troopers consistently testified that Milinski's statements about where he lived occurred while he was in custody, but not in response to questioning: "...he was just talking." *Omnibus hearing*, NT 27. These statements were voluntarily provided. "When a person's inculpatory statement is not made in response to custodial interrogation, the statement is classified as gratuitous, and is not subject to suppression for lack of warnings." *Com. v. Mannion*, 725 A.2d 196, 200 (Pa. Super. 1999). Milinski's statements that he moved from New Jersey to Pennsylvania and received mail at the apartment are not subject to suppression as they were gratuitous. *Omnibus hearing*, NT 27-28. As the public safety exception applied to allow the officers to ask Milinski if there were weapons in the apartment without reading him his *Miranda* rights, and he voluntarily made the statements about his residency, his claim for suppression lacks merit.

10

The second and third prongs of the ineffective assistance inquiry are whether or not counsel had a strategic basis for the failure to timely file the omnibus, and whether the defendant was prejudiced by the inaction. Counsel's assistance is generally deemed effective if the strategy or tactic had "some reasonable basis designed to effectuate his client's interest." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). While it is true that counsel missed a deadline to file the omnibus, and the motion was denied on that basis, no prejudice occurred here. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Commonwealth v. G.Y.*, 63 A.3d at 265. Here, Milinski's statements were not subject to suppression, so he was not prejudiced by his counsel's unexplained failure to comply with the omnibus filing deadline.

11