J. S48022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
MATTHEW ALLEN LAWTON, :
:
Appellant : No. 1635 WDA 2015

Appeal from the PCRA Order August 27, 2015
In the Court of Common Pleas of Potter County
Criminal Division No(s): CP-53-CR-0000187-2010

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 02, 2017**

Matthew Allen Lawton ("Appellant") appeals from the August 27, 2015 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. After careful review, we conclude that neither of the issues underlying Appellant's ineffective assistance of counsel claims has merit. We, thus, affirm the PCRA court's Order.

A jury convicted Appellant of 27 offenses in connection with his sexual assault of a 10-year-old child. On September 10, 2012, the trial court sentenced Appellant to an aggregate term of 51 to 102 years' incarceration. This Court affirmed Appellant's conviction. *See Commonwealth v. Lawton*, No. 1574 WDA 2012, unpublished memorandum at 1 (Pa. Super. filed Feb. 21, 2014).

On February 20, 2015, Appellant filed a *pro se* PCRA Petition. On April 6, 2015, the court appointed Jarett R. Smith, Esq., as PCRA counsel. Attorney Smith filed an amended Petition asserting ineffective assistance of trial counsel for "failing to present the defense that the actual perpetrator of the sexual assault on the juvenile victim was … Patrick [S.] [who] … has a lengthy criminal record of sexual assault and was known to the victim and her family."[1] Amended PCRA Petition, filed 5/8/15 at 1. Annexed thereto were copies of documents from the State of New York charging Patrick with having inappropriately touched two girls on June 13, 2013 and December 1, 2013, respectively. Attorney Smith filed a Second Amended PCRA Petition on May 29, 2015, challenging, *inter alia*, the admission of the testimony of the nurse who examined the victim because she was not qualified to render an expert opinion.

On August 27, 2015, the PCRA court held a hearing. Although the Commonwealth had issued a subpoena to Appellant's trial counsel to appear, neither the Commonwealth nor Appellant called him to testify. Rather, the "hearing" consisted of the prosecutor arguing extensively that counsel could not be found ineffective for failing to present a defense based on evidence of Patrick S.'s crimes that occurred after Appellant's trial. Both the Commonwealth and PCRA counsel agreed that there was no nexus between

---

[1] Patrick S., d.o.b., 8/21/91, is the victim's older brother. He testified for the Commonwealth as a rebuttal witness.

Patrick S.'s 2013 incidents and the 2010 incident for which Appellant was convicted. Appellant provided a brief statement asserting, among other things, his innocence.

The PCRA court denied the Petition on the record, characterizing the issue pertaining to Patrick S. as "after discovered evidence" cognizable under Section 9543(a)(2)(vi) of the PCRA. The court noted that Patrick S.'s crimes occurred "two and a half years after the incident involving [Appellant] which was on July 3rd of 2010 …[s]o it really is not after discovered evidence that's going to be exculpatory, and as we've talked previously there has to be nexus between that evidence and the crime at issue." N.T. PCRA Hearing, 8/27/15 at 31. The PCRA court observed Appellant had not presented any evidence at the PCRA hearing that Patrick S.'s was the perpetrator of the crime on July 3, 2010, and concluded that none of Appellant's issues had merit. ***See id.***, at 31-2.

The court filed an Order denying Appellant's PCRA Petition on August 28, 2015. Appellant filed a counseled Notice of Appeal on September 21, 2015.

Appellant subsequently sent a letter to both this Court and the PCRA court indicating that he no longer wanted Attorney Smith to represent him. The PCRA court then ordered Appellant to file a Pa.R.A.P. 1925(b) Statement, but did not send the Order to Attorney Smith, who was still

Appellant's counsel of record. Appellant complied with the Order and filed a *pro se* Rule 1925(b) Statement.[2]

On October 30, 2015, Attorney Smith filed a Petition to Withdraw as Counsel as per the request of Appellant. On November 10, 2015, the court scheduled a *Grazier*[3] hearing for December 10, 2015. On November 16, 2015, the PCRA Court filed an "Opinion in Support of Ruling" addressing the issues Appellant had raised in his *pro se* Rule 1925(b) Statement.

The court held a *Grazier* hearing on December 10, 2015, at which Appellant and his attorney agreed to continue working together and the court, thus, denied counsel's Petition to Withdraw.

On April 4, 2016, Attorney Smith filed a Brief on behalf of Appellant, raising issues that Appellant had failed to raise in his *pro se* Rule 1925(b) Statement. We declined to review the merits of the appeal, concluding that, because Appellant was represented by counsel when he filed his Rule 1925(b) Statement, the *pro se* Rule 1925(b) statement was a legal nullity. We, thus, remanded to the PCRA court for the filing of a counseled Rule 1925(b) Statement, as well as the issuance of a new Rule 1925(a) Opinion,

---

[2] In his Pa.R.A.P. 1925(b) statement, Appellant asserted issues pertaining to the investigation of his case, trial court error in admitting the testimony of the emergency room nurse who had compiled the rape kit on the victim, and newly discovered evidence pertaining to Patrick S. *See* 1925(B) Statement, filed October 30, 2015.

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

and a new Appellant's Brief. *See Commonwealth v. Lawton*, 1635 WDA 2015 (Pa. Super. filed Oct. 6, 2016).

On October 26, 2016, Attorney Smith filed a new Rule 1925(b) Statement, asserting, *inter alia*, claims of ineffective assistance of counsel "for failing to call known and named eye witnesses," and failing "to question the medical conclusions and qualifications of the [Commonwealth's] medical witness." 1925(b) Statement of Matters to be Raised on Appeal, filed 10/26/16.

On November 7, 2016, the PCRA court issued a new Rule 1925(a) Opinion. Appellant subsequently filed a new counseled Brief.[4]

In his brief, Appellant raises the following issues for our review:

1. Did the PCRA Court err in denying relief based on trial counsel's failure to call known witnesses where such witnesses could have established that another possible perpetrator had access to the victim?

2. Did the PCRA Court err in denying relief based on trial counsel's failure to challenge the admission of medical testimony by the nurse who performed the initial examination of the victim where such nurse had not been qualified as an expert witness?

Appellant's Brief at 2.

We review the denial of a PCRA Petition to determine whether it is supported by the record and free of legal error. *Commonwealth v. Fears*,

---

[4] Appellant's counsel passed away soon after filing the new Rule 1925(b) Statement. The PCRA court appointed new counsel, who filed Appellant's new Brief after receiving several extensions from this Court.

86 A.3d 795, 803 (Pa. 2014). We grant great deference to the findings of the PCRA court, and "these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Moreover, "where a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." *Commonwealth v. White*, 734 A.2d 374, 381 (Pa. 1999).

Appellant avers that he received ineffective assistance of trial counsel. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on Appellant." *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the

test will result in rejection of the appellant's ineffective assistance of counsel claim. **Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002).

In his first issue, Appellant avers that trial counsel provided ineffective assistance by not calling witnesses who "could have potentially established" that Patrick S., the victim's brother, was a "possible perpetrator of crimes against [similarly-aged] children" because Patrick had committed child sexual abuse crimes in New York in 2013. Appellant's Brief at 5-6.[5] Appellant asserts, for the first time in his Brief, that he had "provided defense counsel with the identities of witnesses who could have potentially established" that Patrick S. had, "as far back as about 1990," committed "possible earlier bad acts"[6] and "trial counsel was aware of [Patrick S.] as a possible perpetrator of sexual assaults against children." **Id**. at 6.

Our review of the certified record indicates that at no time during the PCRA proceedings did Appellant assert that there were witnesses that trial counsel should have called. Rather, PCRA counsel argued at the PCRA hearing only that Patrick S. himself should have been examined and investigated by trial counsel as a possible perpetrator. **See** N.T. PCRA Hearing, 8/27/15, at 22. Accordingly, this issue is waived. **See** Pa.R.A.P.

---

[5] Appellant notes that the victim's brother, Patrick S., was convicted in New York in connection with the sexual abuse in 2013 of two children different from the victim in this case.

[6] Appellant testified that Patrick S.'s uncle had been in possession of child pornography in "about 1990." N.T. PCRA Hearing, 8/27/15, at 25. Patrick S. was not born until 1991.

302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Moreover, even if Appellant had asserted his bald and speculative claim of other witnesses in the PCRA court, he would be entitled to no relief. To obtain relief on a claim that counsel was ineffective for failing to call a potential witness, the PCRA petitioner must establish that:

(1)    the witness existed;
(2)    the witness was available to testify for the defense;
(3)    counsel knew of, or should have known of, the existence of the witness;
(4)    the witness was willing to testify for the defense; and
(5)    the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Washington****,* 927 A.2d 586, 599 (Pa. 2007).

Our review of the transcript from the PCRA hearing indicates that at no time did Appellant present witnesses, affidavits from potential witnesses, or even names of witnesses who trial counsel had allegedly failed to call at trial. Accordingly, Appellant could not, even with a most generous reading of his averment, meet any of the prongs of the ineffectiveness test.

In his second issue, Appellant claims that counsel was ineffective for failing to object to the admission of the testimony of Amy Geffers, R.N., the emergency room nurse who conducted a rape kit examination on the victim in the hospital. Appellant concedes that her testimony was not "couched as

expert testimony,"[7] but now avers that Nurse Geffers's testimony was "highly inappropriate because it created the appearance that a medical practitioner was confirming that the victim had physical injuries medically consistent with a sexual assault," and "[t]rial counsel should therefore have vehemently challenged its introduction." Appellant's Brief at 7.

The trial transcript shows that Nurse Geffers testified on direct examination as to what she saw on the outside of the victim's pelvic area while she was conducting the rape kit.[8]  **See** N.T. Trial, 3/28/12-42/12, at 301-05.  She did not draw any expert conclusions or render any medical opinions.  Most significantly, she did not, as Appellant now claims, "confirm" or in any other way state that what she observed was consistent with sexual assault.

Moreover, Appellant's trial counsel strenuously cross-examined Nurse Geffers and, in fact, even stated to Nurse Geffers: "with regard to your

---

[7] Appellant previously asserted that Nurse Geffers's testimony should not have been admitted because she was not qualified as an expert.  **See** Second Amended PCRA Petition, filed 5/29/15 (stating "the female nurse was not qualified to render an expert opinion as she was not certified as an expert"); **see also** Appellant's Rule 1925(b) Statement of Matters to be Raised on Appeal, filed 10/16/16 (stating "[t]rial counsel failed to question the medical conclusions and qualifications of the medical witness[.]  Thus the nurse who testified at trial was able to render medical opinion without confirming an examination and the grounds for her professional opinion without *voir dire* of credentials by trial counsel.").

[8] Nurse Geffers testified that the outside of the victim's pelvic area appeared red and irritated.  **See** N.T. Trial at 299-332.  She further testified that neither she nor a physician conducted an internal vaginal examination.

observations of the condition of the vagina when you say it's excoriated and red, you cannot diagnose what that means, correct?" and "You just make the observation, correct?" *Id*. at 324-35. Nurse Geffers replied "Correct" to both questions. There is, thus, no merit to Appellant's underlying claim that Nurse Geffers's testimony "created an appearance of confirming that the victim had physical injuries medically consistent with a sexual assault." Appellant's Brief at 7.

Because neither of the issues underlying Appellant's assertion of ineffective assistance of counsel has merit, Appellant is not entitled to relief. Our review indicates the PCRA court's determination is supported by the record and free of legal error. Accordingly, we affirm the Order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2017

- 10 -