J-A24017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICA HORATIO DAWKINS | |
| Appellant | No. 1206 WDA 2016 |

Appeal from the PCRA Order Dated July 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001772-2013

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 07, 2017**

Appellant, Mica Horatio Dawkins, appeals from the order dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant raises a single issue of trial counsel's ineffectiveness.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On February 26-27, 2014, Appellant appeared before the Trial Court for a jury trial, at the conclusion of which the jury found Appellant guilty of possession with intent to deliver heroin, two counts of possession of [a] controlled substance, and possession of drug paraphernalia; Appellant was found not guilty of possession of instruments of crime and criminal conspiracy.
>
> On May 13, 2014, Appellant was sentenced by the Trial Court to five to ten years['] incarceration for possession with intent to deliver.  Appellant did not file any post sentence motions.

On March 11, 2015, Appellant filed a *pro se* motion to vacate illegal sentence. Counsel was appointed, and on February 3, 201[6], Appellant filed a Post-Conviction Relief Act Petition. The Commonwealth filed its Answer on February 23, 2016. On June 21, 2016, the Trial Court granted Appellant's petition in part and sentenced Appellant to a new sentence [of two and a half to five years' incarceration]. On June 22, 2016, the Trial Court filed a notice of intent to dismiss Appellant's remaining PCRA claims, and denied the remainder of the PCRA Petition on July 2[2], 2016.

PCRA Ct. Op., 2/21/17, at 3.[1]

On August 12, 2016, Appellant filed a timely appeal in which he raises the following issue:

Whether the trial court erred in denying Appellant's Post-Conviction Relief Act Petition without a hearing because trial counsel provided ineffective assistance of counsel for not objecting when [the] assistant district attorney incorrectly argued in [his] opening statement that the Appellant admitted to possessing heroin with intent to deliver when no such admission was uttered.

Appellant's Brief at 4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*), **appeal denied**, 839 A.2d 352 (Pa. 2003). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to

---

[1] The Honorable Edward J. Borkowski, sitting as the PCRA court, also presided at Appellant's jury trial.

post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014). To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. ***Id.***

Further, the law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id.*** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonably probability that the outcome of the challenged proceedings would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellant argues that the PCRA court erred in failing to grant him a hearing because his claim of trial counsel's ineffectiveness had arguable merit. Appellant's Brief at 11. Specifically, Appellant asserts that trial counsel was ineffective for "failing to object and move for a mistrial when

the assistant district attorney misspoke in his opening statement and stated that the Appellant admitted ownership of the heroin and body vest that was recovered." *Id.* at 11, 14, citing N.T., 2/26-27/14, at 22. Appellant claims that because there was no testimony or evidence presented at trial that he admitted to possessing the heroin, he was prejudiced by the statement of the assistant district attorney, and without the statement, the "the outcome of Appellant's case would have been different as the jury would not have had a fixed bias or hostility towards the Appellant at the outset of the case." *Id.* at 17.

In response, both the PCRA court and Commonwealth argue that Appellant was not entitled to a hearing or post-conviction relief because the assistant district attorney never stated that Appellant admitted to possessing heroin. PCRA Ct. Op., 2/21/17, at 9; Commonwealth Brief at 7-9. The PCRA court, which – as noted above – also sat as the trial court, explained:

> Appellant misstates the record in claiming that the Commonwealth stated Appellant admitted to possessing heroin with intent to deliver during the opening statement. The relevant portion of the opening statement reads as follows:
>
> > Based on the testimony that you hear and the evidence that you see introduced, you should find beyond a reasonable doubt that the defendant and Mr. Nelson were engaged in heroin trafficking, that they possessed the heroin with intent to deliver and not for personal use, that the cash found in the safe and in the apartment were proceeds of drug dealing activity, that the defendant possessed body armor. You will hear testimony that he admitted that the vest was his in conjunction with the felony of possessing the heroin with intent to deliver. Based on all of this testimony, you should be able to find

beyond a reasonable doubt that the defendant committed the crimes charged.

(T.T. 22). The Commonwealth properly made an argument based on the evidence to be presented at trial that the jury should find Appellant guilty of possessing heroin with intent to deliver. The only admission which the assistant district attorney ascribed to Appellant was ownership of the vest. The assistance district attorney went on to argue that Appellant possessed that vest as part of his drug dealing behavior, and based on the evidence to be presented the jury should find Appellant guilty. These statements were not objectionable, and counsel will not be deemed ineffective for failing to raise a meritless objection.

PCRA Ct. Op., 2/21/17, at 9.

We have reviewed the notes of testimony and agree that Appellant is not entitled to relief. At the outset, we note that in addressing the jurors prior to trial, the trial court advised, "[a]s I already alluded to, the statements and arguments of the attorneys are not made under oath and although they are made in good faith, they are not evidence in the case." N.T., 2/26-27/14, at 15. The assistant district attorney's opening remarks followed. For clarity and context, we set forth the assistant district attorney's entire opening statement below:

Thank you, Your Honor. May it please the Court, [Appellant's Counsel], ladies and gentlemen of the jury.

The purpose of my opening statement is basically to give you a short roadmap of where a trial will go so you are not totally in the dark. You've heard the charges. It is a heroin case. The defendant was on probation back in November of 2012. His probation officer went to his house for a routine visit. Nobody was home. The house is located in Wilmerding.

As they are leaving the front door, the defendant pulls up driving the car. The defendant's license is under suspension. He

is not permitted to drive a car. They have a conversation with him. There is a passenger in the front passenger seat. The passenger, Mr. Nelson, goes on into the house.

During the course of the conversation with [Appellant], the defendant, they recover in the car a paper bag. In that bag is a plastic baggie with a quantity of white powder. Also in that baggie are four cardboard boxes each of which are full of what you will be hearing described as stamp bags. These were black – if you ever bought stamp bags at the Post Office, they hand them to you in glassine envelopes with frosted paper. This is the sort of paper but it was black. There were 2,400 of these stamp bags, 600 per bag.

They go into the house. They go up the stairs to the bedroom. They find Mr. Nelson in one of the bedrooms and along with Mr. Nelson they recover a black jacket with red sleeves which the probation officer seen [*sic*] the defendant wearing a very similar looking jacket in the past. In the pocket of that jacket is just a little over two ounces of cocaine, 59.9 grams – I'm sorry, of heroin – I'm sorry, 59.9 grams of heroin in one package. Mr. Nelson is taken into custody. [Appellant] is taken into custody.

In that room that is identified as [Appellant's] bedroom, they see a piece of body armor, a bulletproof vest. There is a safe that [Appellant] provides the combination to open. Inside the safe is $15,207 in cash. There is another $1,250 in cash in a drawer. [Appellant] has been under probation supervision for – I think it was at least a year. The probation officer is going to tell you that during that period of time [Appellant] did not have a job. You will also learn that the vast bulk of that money was in twenty dollar bills. There were 590 twenty dollar bills and 122 ten dollar bills.

There will be a stipulation that whoever possessed this heroin possessed it with the intent to deliver. It wasn't for their own use. This is a massive quantity of heroin. You will hear testimony when broken down into the individual stamp bags, given that quantity of heroin, you would have roughly 2,900 individual stamp bags, individual dosage units of heroin that is used on the average.

Based on the testimony that you hear and the evidence that you see introduced, you should find beyond a reasonable doubt that [Appellant] and Mr. Nelson were engaged in heroin trafficking, that they possessed the heroin with the intent to deliver and not for personal use, that the cash found in the safe and in the apartment were the proceeds of drug dealing activity, that [Appellant] possessed body armor. **You will hear testimony that he admitted that the vest was his in conjunction with the felony of possessing the heroin with the intent to deliver**. Based on all of this testimony, you should be able to find beyond a reasonable doubt that [Appellant] committed the crimes charged.

N.T., 2/26-27/14, at 19-22 (emphasis added).

At trial, the Commonwealth called six witnesses, including Appellant's probation officer, Mark Wilner. Mr. Wilner testified to completing a "walk-through" of Appellant's bedroom, where he saw "in an open closet a bullet resistant vest and a safe." N.T., 2/26-27/14, at 49. Mr. Wilner said he recognized the vest because he wore one "for his daily duties at work." *Id.* He testified that Appellant admitted to owning the vest. *Id.* at 50. He also testified that Appellant stated he didn't have the key for the safe, but knew the combination and provided it to Mr. Wilner. *Id.* at 51. When Mr. Wilner used the combination to open the safe, he found a "large amount of U.S. currency" which he turned over as evidence. *Id.* As Appellant emphasizes, no testimony or evidence indicated that Appellant admitted to possessing heroin. Appellant did not testify, nor did he call any witnesses to testify in his defense.

On this record, we find no merit to Appellant's argument that he was prejudiced by trial counsel's failure to object to the statement of the

assistant district attorney during the opening remarks. First, the trial court cautioned the jury that remarks by the attorneys "are not evidence." N.T., 2/26-27/14, at 15. A jury is presumed to follow the trial court's instructions. *See, e.g., Commonwealth v. Spotz*, 716 A.2d 580, 587 (Pa. 1998).

Second, considered in context, the one sentence of the opening argument to which Appellant objects did not say that Appellant admitted possessing heroin. After the prosecutor noted that Appellant possessed body armor, he added that Appellant "admitted that the vest was his." The rest of the sentence at issue says that the admission was made "in conjunction with" the felony proceedings regarding heroin possession. It does not say that Appellant admitted to possessing the heroin, and we do not believe it reasonably could have been construed in that manner. Moreover, even if, as Appellant argues, the jury somehow may have interpreted the sentence differently, the evidence subsequently introduced by the Commonwealth demonstrated that Appellant admitted only to possessing the bullet resistant vest.

Finally, the Commonwealth, through its six witnesses, presented ample inculpatory evidence. The record thus does not show prejudice or a reasonable probability of a different outcome had counsel objected to the assistant district attorney's statement. *See Commonwealth v. Pierce*, 527 A.2d 973, 977 (Pa. 1987) (a defendant raising claim of ineffective assistance of counsel is required to show actual prejudice — that is, that

counsel's conduct "had an adverse effect on the outcome of the proceedings"). In rejecting a claim for post-conviction relief, the Supreme Court in **Pierce** reasoned:

> Even if [the claimed error had merit], we cannot see how it affected the outcome of the trial. The *uncontradicted,* properly admitted evidence of Appellant's guilt was overwhelming, and we can find no reasonable probability that [but for the claimed error], the result would have been different. Since the prejudice question is resolvable, we need not even consider whether counsel's [actions] had a reasonable basis, and the ineffectiveness claim can be dismissed.

**Id.** (emphasis in original). The **Pierce** reasoning similarly applies to this case.[2] Because there is no merit to Appellant's claim for post-conviction relief, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017

---

[2] From our reading of the record as a whole, it is likely that if Appellant's counsel had objected, the assistant district attorney would have rephrased his statement to clarify that Appellant admitted to possessing the bullet resistant vest, but not the heroin.