J-S47030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD ANTHONY WILSON | |
| Appellant | No. 152 EDA 2017 |

Appeal from the PCRA Order December 12, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008739-2003

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:               **FILED DECEMBER 05, 2017**

Todd Anthony Wilson appeals, *pro se*, from the December 12, 2016 order entered in the Montgomery County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On October 24, 2005, a jury convicted Wilson of two counts of robbery – caused serious bodily injury, and one count each of aggravated assault – caused serious bodily injury, recklessly endangering another person, theft by unlawful taking – movable property, and carrying a firearm without a license.[1] On January 10, 2006, the trial court sentenced Wilson to an aggregate term

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(i), 2702(a)(1), 2705, 3921(a), and 6106(a)(1), respectively.

of 22 to 47 years' incarceration.[2]   Wilson appealed to this Court and, on September 11, 2006, we affirmed.   Wilson filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on February 8, 2007.

On March 1, 2007, Wilson filed a *pro se* PCRA petition.   The PCRA court appointed counsel and held a hearing on the petition.   On October 27, 2007, the PCRA court denied Wilson's petition.   Wilson appealed and, on November 11, 2008, we affirmed the PCRA court's order.[3]   On September 9, 2009, the Pennsylvania Supreme Court denied Wilson's petition for allowance of appeal.

On August 9, 2013, Wilson filed a second *pro se* PCRA petition.   On February 4, 2014, the Commonwealth filed an answer and motion to dismiss the petition.   On March 3, 2015, Wilson attempted to amend the petition.[4]   On June 11, June 29, and July 17, 2015, Wilson filed additional petitions for post-conviction relief.[5]   On December 1, 2015, the PCRA court gave notice under Rule 907 of its intent to dismiss without a hearing the August 9, 2013 petition as untimely and all subsequent petitions as against the prohibition on multiple

_____

[2] This is an amended sentence.   The original sentence, imposed on November 23, 2005, was an aggregate term of 23½ to 47 years' incarceration.

[3] Wilson also filed a petition for *en banc* reargument with this Court, which was denied.

[4] While PCRA courts "may grant leave to amend . . . a petition for post-conviction collateral relief at any time," Pa.R.Crim.P. 905(A), it is well settled that "leave to amend [a petition] must be sought and obtained, and hence, amendments are not 'self-authorizing,'" ***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014).

[5] Wilson did not style these petitions as amendments or supplements.

petitions. ***See Commonwealth v. Jones***, 811 A.2d 994, 1008 (Pa. 2002) ("[A] serial or subsequent PCRA petition may not be entertained while a previous petition is still pending"). On December 24, 2015, the PCRA court dismissed all of Wilson's then-pending petitions. Wilson timely appealed to this Court, but discontinued his appeal on May 18, 2016.

On June 1, 2016, Wilson filed the instant, serial *pro se* PCRA petition. On July 12, 2016, the PCRA court ordered the Commonwealth to respond. On July 14, 2016, the Commonwealth filed its response and a motion to dismiss the petition. On August 1, 2016, Wilson replied to the Commonwealth's motion to dismiss. On November 7, 2016, the PCRA court gave notice of its intent to dismiss the petition without a hearing under Rule 907. On December 12, 2016, the PCRA court dismissed the petition. On January 10, 2017, Wilson timely appealed to this Court.

Wilson raises four issues on appeal:

> 1. Whether the PCRA Court abused it[s] discretion in denying without a hearing, [Wilson]'s claim of the illegal imposition of a mandatory sentence.
>
> 2. Whether the PCRA Court abused it[s] discretion in denying without a hearing [Wilson]'s claim of newly discovered evidence?
>
> 3. Whether the PCRA Court abused it[s] discretion in denying without a hearing, [Wilson]'s claim of prosecutorial misconduct.
>
> 4. Whether the PCRA Court abused it[s] discretion in denying without a hearing [Wilson]'s claim of ineffective counsel.

Wilson's Br. at 4 (full capitalization and suggested answers omitted).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We must first address the timeliness of Wilson's petition. **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Wilson's judgment of sentence became final on May 9, 2007, when his time to seek review in the United States Supreme Court expired.[6] He had one year from that date, or until May 9, 2008, to file a timely PCRA petition. Therefore, his current petition, filed on June 1, 2016, is facially untimely.

---

[6] Wilson had 90 days from the day the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (2005) (repealed Oct. 1, 2007) ("A petition for a writ of *certiorari* seeking review of a judgment of lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his brief and petition, Wilson does not address the timeliness issue or any of the exceptions to the PCRA time bar. Thus, Wilson's petition was untimely filed. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) (concluding that where appellant "did not allege below or [on] appeal any exceptions to the time-bar of the PCRA statute, . . . [the] petition was untimely filed"). Accordingly, the PCRA court correctly dismissed Wilson's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017